IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 2:07cr88-MEF |
| | ) |
| JAMES MICHAEL HINSON | ) |

**PLEA AGREEMENT**

DEFENSE COUNSEL:       Eric C. Davis

ASSISTANT U.S. ATTORNEY:   Andrew O. Schiff

**COUNT AND STATUTES CHARGED**

Count 1:    18 U.S.C. § 1343 (wire fraud)

**STATUTORY MAXIMUM PENALTIES**

NMT 20 yrs imprisonment
NMT $250,000 fine, or twice the gross gain to defendant or gross loss to victim, or both
NMT 3 years supervised release
$100 assessment fee
Restitution.

**ELEMENTS OF THE OFFENSE**

First:     That the Defendant knowingly devised or participated in a scheme to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises;

Second:    That the false or fraudulent pretenses, representations or promises related to a material fact;

Third:     That the Defendant acted willfully with an intent to defraud; and

Fourth:    That the Defendant transmitted or caused to be transmitted by wire in interstate commerce some communication for the purpose of executing the scheme to defraud.

*****************************************************************

Andrew O. Schiff, Assistant United States Attorney, and Eric C. Davis, attorney for the defendant, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(C), Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Information, and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and will proceed to trial.

## GOVERNMENT'S PROVISIONS

1. The Government agrees that a sentence within the applicable Guideline Range is appropriate in this case.

2. The Government agrees that (a) the 2-level decrease for acceptance of responsibility is applicable, see U.S.S.G. § 3E1.1(a), and (b) the government will move for an additional 1-level decrease based on defendant's timely notification of his intent to plead guilty. See U.S.S.G. § 3E1.1(b).

3. If defendant pleads guilty to and is sentenced on Count 1 of the Information within the applicable Guideline Range, the United States will not initiate any further criminal charges against defendant related to his embezzlement of funds as described in the Information and in this Agreement, provided that this agreement not to prosecute is specifically limited to the embezzlement of funds owing to Alabama State University that defendant deposited into an account at Wachovia Bank, N.A. (f/k/a Southtrust Bank) in the name ASU Auxilliary Accounting Club, account no. (last four digits omitted) 200068307xxxx.

4. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

1. The defendant, aware that the crime of wire fraud charged in the Information is punishable by imprisonment for more than one year, agrees to waive his right to prosecution by indictment.

2. Defendant agrees to plead guilty to Count 1 of the Information.

3. Defendant agrees with paragraphs 1 through 4 of the Government's provisions.

4. The defendant agrees to the entry of an order of restitution in the total amount he embezzled from Alabama State University.

5. Defendant agrees to the seizure and forfeiture by the Government of any assets traceable to any funds embezzled from Alabama State University, regardless of whether the funds are described in the Information

## FACTUAL BASIS

During the time period relevant to this case, Alabama State University ("ASU") in Montgomery, Alabama employed defendant JAMES MICHAEL HINSON as a Senior Accountant. On or about February 2, 2005, HINSON opened at Wachovia Bank, N.A. ("Wachovia") an account in the name of "ASU Auxiliary Accounting Club" (the "ASU Club Account") using ASU's taxpayer identification number, listing himself as the president, treasurer, and authorized signatory on the account, and using his home address in Dothan, Alabama as the address of the club. In fact, there is no such club, and ASU never authorized Hinson to open the ASU Club Account. From February

17, 2005 through April 3, 2007, HINSON caused checks totaling approximately $367,730.82 payable to ASU to be deposited into the ASU Club Account. The embezzled funds included checks payable to ASU by the State of Alabama, by businesses who owed money to ASU based on vending machine proceeds, and by persons who had purchased tickets to ASU sporting events. HINSON used the funds from the ASU account to pay personal expenses, including making payments on credit cards. The credit card payments were made via interstate wire transfers, including a March 15, 2007 electronic funds transfer from the ASU Club Account to American Express.

### DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the right to appeal or seek post-conviction relief on the ground of ineffective assistance of counsel or prosecutorial misconduct. In return for the above waiver by the defendant, the government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

### DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

1.  The defendant, before entering a plea of guilty to Count 1 of the Information as provided for herein by said Plea Agreement, advises the Court that:

   a.  The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

   b.  Other than as provided for under Rule 11(c)(1)(A) and 11(c)(1)(C), *Federal Rules of Criminal Procedure*, the defendant acknowledges that a breach of this Plea Agreement by the defendant will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

   c.  The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing and submitting to the court or the government any financial statements, the defendant is representing that the statement is true and accurate to the best of the defendant's information, knowledge, and belief.

   d.  The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

   e.  The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel,

the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

   f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

   g. The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

   h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

   i. The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the respective Court.

   j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the

crimes charged in the Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

      k.    The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

      2.    The undersigned attorney for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the

defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

3. The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court, may differ from that projected by defendant's counsel or the United States Attorney.

This 31st day of May, 2006.    Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

Andrew O. Schiff
Deputy Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.

_____
James Michael Hinson
Defendant

_____5-31-07_____
Date

_____
Eric C. Davis
Attorney for the Defendant

_____5-31-07_____
Date